# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-912V
Filed: May 13, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *
MICHELLE GANETIS, as Personal         *
Representative of the Estate of CAREN  *
SHANLEY,                               *
                                       *
                Petitioner,          *   Joint Stipulation on Damages;
v.                                     *   Influenza ("Flu") Vaccine;
                                       *   Guillain-Barre Syndrome ("GBS");
SECRETARY OF HEALTH                    *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
                Respondent.          *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * *

*Alison H. Haskins*, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

      On September 26, 2014, Caren Shanley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). The Petition alleges that Ms. Shanley suffered Guillain-Barre Syndrome ("GBS") as a result of her November 15, 2013 influenza ("flu") vaccination. Petition at ¶¶ 1, 9; Stipulation, filed May 12, 2016, at ¶¶ 2, 4. Michelle Ganetis ("petitioner") was substituted as petitioner upon Ms. Shanley's death. Petitioner alleges that Ms. Shanley suffered the residual effects of her GBS for more than six months, and that "Ms. Shanley's death was the sequela of her alleged vaccine related injury." Stipulation at ¶ 4. "Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Shanley as a result of her alleged vaccine-related injury or her death." Stipulation at ¶ 5. "Respondent denies that Ms. Shanley suffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

GBS or any other injury as a result of her influenza vaccine, and denies that Ms. Shanley's death was the result of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on May 12, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

> **A lump sum of $315,000.00 in the form of a check payable to petitioner as Personal Representative of the Estate of Caren Shanley**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a). *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHELLE GANETIS, as Personal Representative of the Estate of CAREN SHANLEY, ) ) ) ) | |
| Petitioner, ) | |
| ) | No. 14-912V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Caren Shanley ("Ms. Shanley") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Ms. Ganetis ("petitioner") was substituted as petitioner upon Ms. Shanley's death. The petition seeks compensation for injuries allegedly related to Ms. Shanley's receipt of the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Shanley received an influenza immunization on November 15, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the influenza vaccine, Ms. Shanley suffered Guillain-Barre Syndrome ("GBS") and experienced the residual effects of this condition for more than six months. Ms. Shanley died on August 19, 2015. Petitioner further alleges that Ms. Shanley's death was the sequela of her alleged vaccine related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Shanley as a result of her alleged vaccine-related injury or her death.

6. Respondent denies that Ms. Shanley suffered GBS or any other injury as a result of her influenza vaccine, and denies that Ms. Shanley's death was the result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $315,000.00 in the form of a check payable to petitioner as Personal Representative of the Estate of Caren Shanley.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as conservator of Ms. Shanley's estate under the laws of the State of Florida. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as conservator of Ms. Shanley's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as conservator of the estate of Ms. Shanley at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as conservator of the estate of Ms. Shanley, upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of Ms. Shanley's estate, on her own behalf and on behalf of the estate and Ms. Shanley's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Shanley resulting from, or alleged to have resulted from, the influenza vaccination administered on November 15, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about September 26, 2014, in the United States Court of Federal Claims as petition No. 14-912V.

3

13.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Ms. Shanley to develop GBS or any other injury or caused her death.

16.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Ms. Shanley's estate.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*signature*

MICHELLE GANETIS

ATTORNEY OF RECORD FOR PETITIONER:

*signature*

ALISON H. HASKINS, Esq.
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*signature*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*signature*

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*signature*

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: 5/12/16