# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-912V
Filed: September 28, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
MICHELLE GANETIS, as Personal      *
Representative of the Estate of CAREN *
SHANLEY,                            *
                                    *
                    Petitioner,     *
v.                                  *
                                    *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                 *
                                    *
                    Respondent.     *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Alison Haskins*, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.
*Ann Martin*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 26, 2014, Caren Shanley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). The Petition alleges that Ms. Shanley suffered Guillain-Barre Syndrome ("GBS") as a result of her November 15, 2013 influenza ("flu") vaccination. Petition at ¶¶ 1, 9. Michelle Ganetis ("petitioner") was substituted as petitioner upon Ms. Shanley's death. On May 13, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 51).

On September 13, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 56). Petitioner requests attorneys' fees in the amount of $44,606.90 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $5,744.67 for a total amount of $50,351.57. *Id.* at ¶¶ 3-4, 9.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.[3]  *See* Exhibit 32, filed as an Attachment to Petitioner's Motion (ECF No. 57).

On September 13, 2016, respondent filed a response stating respondent has no objection to petitioner's motion.  (ECF No. 57).

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $50,351.57[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Alison Haskins.**  Per petitioner's request, the award for attorney's fees and costs shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236 which is the address of record for petitioner's counsel.  *Id.* at ¶ 9.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Additionally, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  Motion at ¶ 6.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.